**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1112-GTaL |
| JOSE JOEL AGUILAR and GUILLERMINA AGUILAR, | Bk. No. 2:19-bk-10116-NB |
| Debtors. | |
| JOSE JOEL AGUILAR; GUILLERMINA AGUILAR, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| SPECIALIZED LOAN SERVICING, LLC; OCWEN LOAN SERVICING, LLC; KATHY A. DOCKERY, Chapter 13 Trustee; PHH MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Appellees. | |

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Argued and Submitted on January 30, 2020
at Pasadena, California

Filed – February 10, 2020

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Neil W. Bason, Bankruptcy Judge, Presiding

———————

Appearances:     Appellants Jose Joel Aguilar and Guillermina Aguilar
argued pro se.

———————

Before: GAN, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Appellants Jose Joel Aguilar and Guillermina Aguilar (together "Debtors") appeal from a bankruptcy court order dismissing their chapter 13[1] case for failure to make plan payments. Debtors do not dispute that they failed to make plan payments, and they have not provided any argument why the case should not have been dismissed. We see no error in the dismissal and accordingly, we AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## FACTS

Debtors filed their chapter 13 petition on January 7, 2019. [2] This was the ninth bankruptcy case filed by either or both of Mr. Aguilar or Mrs. Aguilar since 2011.[3] In addition to their principal residence, Debtors scheduled an ownership interest in an investment property. They also timely filed their chapter 13 plan and proposed monthly plan payments of $811.91 for a period of sixty months, and a cure of the alleged arrearage on the investment property in the amount of $43,886.83. The plan did not include any payments on the debt secured by their principal residence.

Ocwen Loan Servicing ("Ocwen") filed a proof of claim evidencing a claim secured by the investment property in the amount of $800,615.66 with arrears of $415,417.53. U.S. Bank, N.A. filed a proof of claim secured by the Debtors' principal residence in the total amount of $90,349.34 with arrears of $111.77.

The trustee objected to the plan on numerous grounds including that the plan was not feasible due to the claims filed by U.S. Bank and Ocwen and that Debtors had failed to make plan payments. Specialized Loan Servicing ("SLS"), servicer for the U.S. Bank claim, also objected to the plan

---

[2] We exercise our discretion to review the bankruptcy court's docket as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.),* 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[3] See Case Nos. 1:11-bk-12880-MT; 2:13-bk-11933-ER; 2:13-bk-14222-RN; 2:13-bk-17439-BB; 2:13-bk-23380-WB; 2:13-bk-28245-BR; 2:13-bk-31634-NB; 2:14-bk-25034-VZ.

because it failed to treat the debt on the principal residence. Debtors filed a response to the SLS objection disputing the validity of the claim.

In March 2019, the bankruptcy court held an initial hearing on confirmation of Debtors' plan and continued the hearing to April 2019.[4] At the continued hearing, the trustee stated that Debtors had not made any plan payments. The trustee also argued that based on the claims filed in the case, an amended plan would require monthly payments of approximately $10,000, which would not be feasible based on Debtors' income.

Debtors acknowledged that their plan payments would need to be in excess of $10,000 to cure the arrearage on the investment property. They also admitted that they had not made any plan payments. They opposed dismissal only by stating that they intended to file adversary proceedings against the secured creditors. The bankruptcy court dismissed the case, and Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in dismissing the Aguilars' bankruptcy case?

---

[4] Debtors did not provide a transcript of this hearing and it is not readily available from the bankruptcy court docket.

4

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Section 1307(c) allows the court to dismiss a chapter 13 case for "cause," including failure to commence making timely plan payments under § 1326. *See* § 1307(c)(4). Section 1326 requires debtors to commence making monthly payments as proposed in their plan not later than 30 days after the order for relief or the filing of the plan, whichever is earlier. The decision to dismiss a chapter 13 case under § 1307(c) is discretionary. *In re Schlegel*, 526 B.R. at 339.

Debtors do not dispute that they failed to make plan payments and they have not provided any argument directed to this statutory basis for dismissal. Instead, they argue that Ocwen's proof of claim contained forged documents and that both Ocwen and SLS have engaged in various illegal activities.

Regardless of whether Debtors intended to file adversary

5

proceedings to contest the amount or validity of the secured claims, the bankruptcy code requires that they make payments in accordance with their proposed plan. Here, they were required to commence plan payments in February 2019, but failed to commence payments as required, and failed to make any payments throughout the pendency of the case.

Section 1307(c)(4) allows the bankruptcy court to dismiss a case under these facts, and dismissal here is not an abuse of discretion.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order dismissing Debtors' chapter 13 case.